NO. 15-2544

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

In re: COLGATE-PALMOLIVE SOFTSOAP ANTIBACTERIAL HAND SOAP
MARKETING AND SALES PRACTICES LITIGATION

JEFF DYKE, *et al.*,
*Plaintiffs-Appellees*

v.

COLGATE-PALMOLIVE COMPANY,
*Defendant-Appellee*

DOES, 1 through 100, inclusive,
*Defendant*

ANNA ST. JOHN,
*Objector-Appellant*

---

On Appeal from the United States District Court
for the District of New Hampshire, No. 1:12-md-02320 PB

---

Appellant Anna St. John's Unopposed Motion for Stay to Avoid
Potentially Unnecessary Adjudication of Issue Not Ripe for Review

---

Anna St. John
COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1899 L Street NW, 12th Floor
Washington, D.C. 20036
(917) 327-2392
anna.stjohn@cei.org
*In pro per*

## INTRODUCTION

This case involves a settlement of a class action alleging that Colgate-Palmolive Company unlawfully induced class members to purchase Softsoap-brand antibacterial hand soap by making false or misleading marketing claims. Under the settlement reached by the parties and approved by the district court, for a period of five years or until changes in applicable law require Colgate to act differently, Colgate agreed (i) not to use specified marketing statements that are allegedly misleading on the packaging for a product it was no longer selling, and (ii) to use an ingredient that Colgate had voluntarily removed from its liquid hand soaps years earlier in Softsoap antibacterial hand soap only in a manner consistent with final FDA regulation. *See* Dkt. 92-2 at 17. Colgate further agreed to pay $2 million in notice and other administrative costs, court-awarded attorneys' fees and expenses, and court-awarded incentive payments. If those payments do not deplete the $2 million fund, Colgate will pay the remaining amount to the Children's Health Fund as *cy pres*.

Class-member appellant St. John objected to the settlement and attorneys' fee request by class counsel. In particular, as relevant here, she objected that the settlement is unfair because the *cy pres* distribution will be made to an organization engaged in political advocacy and for which there is at least the appearance of a conflict of interest with class counsel. Such distribution of funds raises fairness and First Amendment concerns.

The district court approved the settlement over objection, but has yet to award attorneys' fees and incentive payments. *See* Dkt. 106 at 39. Because a final order approving the settlement agreement and disposing of the merits claims issued, St. John was required to appeal to preserve her rights to challenge the *cy pres* distribution provided for by the approved settlement agreement, even though there has not been a ruling on attorneys' fees and incentive awards to determine whether there in fact will

be a *cy pres* distribution. *See In re Lupron Mktg. & Sales Practices Litig.*, 677 F.3d 21, 31 (1st Cir. 2012). St. John filed a timely notice of appeal on December 14, 2015.

If the Court forces the briefing schedule to proceed, St. John's appeal will not be ripe for adjudication by this Court. The only issue that St. John intends to appeal is whether the *cy pres* distribution—to the extent there is one—makes the settlement unfair. If the district court awards the entire $2 million in fees and expenses, there will not be a *cy pres* distribution. It makes little sense for the parties to brief an issue that is contingent on future events and thus clearly not ripe for review.

St. John seeks a stay of the briefing schedule until the district court enters a final fee order, with appellant's opening brief due 40 days after the fee order issues, appeals and cross-appeals are made, and the appellate record is complete. St. John agrees to make any appeal of the fee order within seven days of its issuance to minimize any delay.

Counsel for plaintiffs and defendant have represented that they do not oppose this motion.

## ARGUMENT

A stay is appropriate to avoid adjudication of an issue that is not ripe and therefore would waste judicial resources. The "basic rationale" of the ripeness doctrine "is 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Stern v. U.S. Dist. Court for Dist. of Mass.*, 214 F.3d 4, 10 (1st Cir. 2000) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). "At [the] heart" of the doctrine "is whether [the court] would benefit from deferring initial review until the claims [it is] called on to consider have arisen in a more concrete and final form." *Murphy v. New Milford Zoning Com'n*, 402 F.3d 342, 347 (2d Cir. 2005) "Ripeness, therefore, is 'peculiarly a question of timing' as cases may later become ready for adjudication even if deemed premature on initial presentation." *Id.* (quoting

*Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1997)); *see also McInnis-Misenor v. Maine Medical Center*, 319 F.3d 63, 69-70 (1st Cir. 2003) ("Ripeness … can be thought of as focusing on the 'when' of litigation[.]").

To assess ripeness, "it is necessary to determine whether the issue presented is fit for judicial review—an inquiry that 'typically involves subsidiary queries concerning finality, definiteness, and the extent to which resolution of the challenge depends on facts that may not yet be sufficiently developed,'" as well as evaluation of "the extent to which withholding judgment will impose hardship." *Stern*, 214 F.3d at 10 (quoting *Ernst & Young v. Depositors Econ. Protection Corp.*, 45 F.3d 530, 535 (1st Cir. 1995)). "'The critical question concerning fitness for review is whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all.'" *McInnis-Misenor*, 319 F.3d at 70 (quoting *Ernst & Young*, 45 F.3d at 536).

Here, resolution of the issue on which appellate review is sought is entirely dependent on events that may never occur. If those events never occur, the issue will be moot. Specifically, St. John's appeal depends on the district court (1) awarding attorneys' fees and expenses and class representative awards that, when combined with notice and administrative costs, total less than $2 million, and (2) enforcing the settlement agreement's provision that the remaining amount be given to the designated *cy pres* recipient. It therefore is appropriate for this Court to adhere to "the policy of judicial restraint from unnecessary decisions" and stay briefing until the district court issues its rulings. *See McInnis-Misenor*, 319 F.3d at 70; *cf. Currie v. Group Ins. Com'n*, 290 F.3d 1 (1st Cir. 2002) (staying appeal pending outcome of state proceedings where state court decision could render the issue on appeal moot).

There is virtually no hardship imposed on the parties by a stay of briefing. Plaintiffs are suffering no present injury that a stay will prolong; in contrast, however, a round of briefing on an issue not ripe for judicial review unnecessarily would require significant expenditures of time, effort, and expense. *See McInnis-*Misenor, 319 F.3d at

4

70 (hardship "inquiry encompasses the question of whether plaintiff is suffering any present injury from a future contemplated event"). Likewise, the Court would unnecessarily "wast[e] time and effort" with a "premature review" and risk "deciding issues in a context not sufficiently concrete to allow for focus and intelligent analysis." *W.R. Grace & Co. v. United States EPA*, 959 F.2d 360, 366 (1st Cir. 1992); *see also McInnis-Misenor*, 319 F.3d at 72-73 (case "depend[ed] on a chain of contingencies" and therefore was "largely hypothetical" at that stage).

## CONCLUSION

For the reasons of judicial economy and avoiding unnecessary adjudication, this Court should exercise its discretion to grant a stay of the briefing schedule until the district court issues its order ruling on the motions for attorneys' fees and class representative incentive awards.

Dated:  January 11, 2016                    Respectfully submitted,


                                            */s/ Anna St. John*
                                            Anna St. John
                                            Competitive Enterprise Institute
                                            Center for Class Action Fairness
                                            1899 L St. NW, 12th Floor
                                            Washington, DC 20036
                                            Telephone:  (917) 327-2392
                                            Email:  anna.stjohn@cei.org

                                            *In pro per*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2016, I electronically filed the foregoing using the court's CM/ECF system, which will send notification of such filing to all CM/ECF participants.

I further certify that on January 11, 2016, I caused a copy of the foregoing to be sent by first-class, prepaid U.S. Mail to the following:

| | |
|---|---|
| Edmund S. Aronowitz<br>Wolf, Haldenstein, Adler & Freeman<br>55 W. Monroe St.<br>Suite 111<br>Chicago, IL 60603-0000 | Richard J. Arsenault<br>Neblett Beard & Arsenault<br>PO Box 1190<br>Alexandria, LA 71309 |
| Matthew B. Butler<br>Butler Firm APC<br>4th Floor<br>402 West Broadway<br>San Diego, CA 92101 | Margret Caruso<br>Quinn Emanuel Urquhart & Sullivan LLP<br>555 Twin Dolphin Dr.<br>5th Flr<br>Redwood Shores, CA 94065 |
| Jordan Lucas Chaikin<br>Parker Waichman Alonso, LLP<br>3301 Bonita Beach Road<br>Bonita Springs, FL 34134 | John R Climaco<br>Climaco, Wilcox, Peca, Tarantino & Garofoli<br>55 Public Square<br>Cleveland, OH 44113 |
| Christopher J. M. Collings<br>Sedgwick LLP<br>Suite 1500<br>One Biscayne Tower<br>Two South Biscayne Blvd<br>Miami, FL 33131-1822 | Linda D'Agostino<br>15 West Pine Way, Unit 14<br>Plainville, CT 06062 |
| Michelle Schwanekamp<br>5764 Chestnut Ridge Dr.<br>Cincinnati, OH 45230 | Tyler Cool<br>8426 Foothills Highway<br>Boulder, CO 80302 |

| | |
|---|---|
| Randall Seth Crompton<br>Hollan Groves Schneller & Stolze LLC<br>300 North Tucker Boulevard<br>Suite 801<br>St. Louis, MO 63101 | John P. Echeverria<br>Echeverria Law Office<br>9432 Double R Blvd<br>Reno, NV 89521 |
| Linda M. Fong<br>Kaplan Fox & Kilsheimer LLP<br>350 Sansome St.<br>San Francisco, CA 94104 | Jill Garcia<br>Ogletree Deakins Nash Smoak &<br>Stewart PC<br>Suite 1500<br>Wells Fargo Tower<br>3800 Howard Huges Pkwy<br>Las Vegas, NV 89169 |
| Faith E. Gay<br>Quinn Emanuel Urquhart & Sullivan<br>LLP<br>51 Madison Ave<br>22nd Flr<br>New York, NY 10010 | Eric D. Holland<br>Hollan Groves Schneller & Stolze LLC<br>300 North Tucker Boulevard<br>Suite 801<br>St. Louis, MO 63101 |
| Lucy J. Karl<br>Shaheen & Gordon PA<br>PO Box 2703<br>107 Storrs St<br>Concord, NH 03302-2703 | Laurence D. King<br>Kaplan Fox & Kilsheimer LLP<br>Suite 400<br>350 Sansome St.<br>San Francisco, CA 94104 |
| Karin Kramer<br>Quinn Emanuel Urquhart & Sullivan,<br>LLP<br>22nd Floor<br>50 California<br>San Francisco, CA 94111 | Joseph Milowic<br>Quinn Emanuel Urquhart & Sullivan<br>LLP<br>51 Madison Ave<br>22nd Flr<br>New York, NY 10010 |
| David A. Nelson<br>Quinn Emanuel Urquhart & Sullivan,<br>LLP<br>500 West Madison St<br>Suite 2450<br>Chicago, IL 60661 | Isaac Nesser<br>Quinn Emanuel Urquhart & Sullivan<br>LLP<br>51 Madison Ave<br>22nd Flr<br>New York, NY 10010 |

| | |
|---|---|
| Jerrold S. Parker<br>Parker Waichman LLP<br>6 Harbor Park Dr<br>Port Washington, NY 11050 | John A. Peca Jr.<br>Climaco, Wilcox, Peca, Tarantino &<br>Garofoli<br>55 Public Square<br>Cleveland, OH 44113 |
| William J. Pinilis<br>Kaplan Fox & Kilsheimer LLP<br>160 Morris Street<br>Morristown, NJ 07960 | David C. Rash<br>Rash Law Offices PA<br>Suite 303<br>1655 N Commerce Parkway<br>Weston, FL 33326 |
| Gerard B. Schneller<br>Hollan Groves Schneller & Stolze LLC<br>300 North Tucker Boulevard<br>Suite 801<br>St. Louis, MO 63101 | James C. Shah<br>Shepherd Finkelman Miller & Shah LLP<br>35 E. State St<br>Media, PA 19063 |
| Stephen A. Swedlow<br>Quinn Emanuel Urquhart & Sullivan,<br>LLP<br>500 West Madison St<br>Suite 2450<br>Chicago, IL 60661 | Alex M. Tomasevic<br>Nicholas & Butler<br>19th Floor<br>225 Broadway<br>San Diego, CA 92101 |
| Patrick G. Warner<br>Climaco, Wilcox, Peca, Tarantino &<br>Garofoli<br>55 Public Square<br>Cleveland, OH 44113 | |

Dated: January 11, 2016        */s/ Anna St. John*
                                              Anna St. John